## PANZICH et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 11, 1922. Rehearing Denied February 26, 1923.)

### No. 3868.

1. **Intoxicating liquors ☞256—Refusal to hear petition for return of liquor before trial held not error.**

   In a prosecution for violation of the National Prohibition Act, refusal of the court to hear a petition for return of liquors seized until the facts had been developed on the trial *held* not error.

2. **Intoxicating liquors ☞231—Evidence held competent in prosecution for maintaining nuisance.**

   Where defendants, charged with maintaining a common nuisance by unlawfully keeping and selling liquor in their dwelling house, testified that they had wine, but that it was kept for personal use, and that they so told the prohibition agents, testimony of such agents as to the liquor they found on the premises was competent.

3. **Criminal law ☞878(3)—Acquittal on charge of selling liquor not inconsistent with conviction for maintaining nuisance.**

   Acquittal on a charge of selling liquor is not inconsistent with conviction for maintaining a common nuisance by keeping a place where liquor was unlawfully kept for sale.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; William H. Sawtelle, Judge.

Criminal prosecution by the United States against Tony Panzich and Mary Panzich. Judgment of conviction and defendants bring error. Affirmed.

Plaintiffs in error, Tony and Mary Panzich, were jointly charged with maintaining a common nuisance, a dwelling house in the city of Los Angeles, where intoxicating liquors were sold, kept, and bartered, in violation of section 21, tit. 2, of the National Prohibition Act (41 Stat. 314). Under separate information Mary Panzich was also charged with having, at the same date and place, unlawfully sold gin and claret, in violation of section 3, tit. 2, of the National Prohibition Act. Tony and Mary were convicted under the nuisance charge, but Mary was acquitted of having made a sale. To review the conviction, writ of error was brought.

Thos. P. White, Alfred L. Bartlett, and Lewis B. Randall, all of Los Angeles, Cal., for plaintiffs in error.

Joseph C. Burke, U. S. Atty., and Mark L. Herron, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HUNT, Circuit Judge.   [1] Under the first assignment of error it is argued that the court erred because it refused to hear a petition for the return of certain wines and liquors which had been seized by prohibition officers, and in admitting testimony concerning the condition and possession of such seized property.

The petition for the return of the wines and liquors seized was presented after plea, but before trial, and was based upon the ground that the officers entered the house of defendants and in violation of their rights seized the property.   The court merely declined to hear the motion before the evidence was adduced.   The judge said:

"Not that I refuse—yes; I do decline to hear the motion now, under the circumstances; but I do not say that I will not entertain a motion to exclude the evidence, if, during the trial, it appears that it was illegally obtained.   You lose nothing by the motion not being heard.   I do not care whether that question arises during the trial or before the trial.   If at any time during the trial of any case it is apparent that the evidence was illegally obtained, I will entertain a motion to exclude it."

We are clearly of the opinion that no error was committed in not passing upon the motion before the facts and circumstances were brought out.

[2] The evidence was that on the night of October 23, 1920, the alleged date of the commission of the offenses charged, the prohibition officers went near the outside of the house of the defendants, and there saw a number of automobiles; that men were going in and out; that the officers searched some of the machines as they were leaving the vicinity, and found wine and beer; that thereafter one of the officers rang the bell of the defendants' house; that as the door was opened two men started out of the door; that the officer stopped the men and entered the house, and told the men that he was an officer and to wait; that his purpose was to make arrests; that he saw liquor, and upon search of the premises found a considerable quantity of wine and liquor, and also found in a nearby shed a large vat containing crushed grapes and pomace, and that some of the defendants said the wine in the house was for family use.   One of the witnesses testified that he was in the Panzich house on the night of the arrest; that he drank from a pitcher of wine on the table; that he saw a man, carrying what looked like a jug, go out to an automobile near the house.   Tony Panzich testified that he did not sell any intoxicating liquor in his house, that on the day before his arrest he had crushed two tons of grapes to make vinegar, that the several barrels of wine he then had in his possession were obtained prior to the date the National Prohibition Act went into effect, and that it was all for his own personal consumption, and consumption by his family and guests.   We think that, to meet and rebut the testimony of defendant, it was competent to introduce evidence tending to prove that defendant had large quantities of wine on hand and was prepared to manufacture wine or liquor in large quantities.   Whether he contemplated the manufacture of vinegar or wine for sale on the premises became a question for the jury.

The court guarded the interests of the defendants by instructing the

jury that, upon the assumption that the officers were correct in testifying that they had seen men going in and coming out of the house with packages they had a right to go into the house and arrest persons whom they believed were violating the law, provided in so doing they did not break into the house or commit any act of lawlessness, and also that, while all evidence of any search in the house had been excluded because the officers had no search warrant, when the defendants testified and attempted to or did explain how they happened to have all the liquor in question on their premises, and to explain that their possession was lawful, and that when they testified that they told the officers of having other liquors, then it became proper to admit as testimony what the officers found in the premises near by, and that such testimony was only to be considered as bearing upon the guilt or innocence of the defendants under the charge of maintaining a common nuisance. As the evidence bore directly upon the credibility of the statements of the defendants, it was competent.

[3] We find no merit in the second assignment, that, inasmuch as Mary Panzich was acquitted of the charge of an unlawful sale, the verdict of guilty of maintaining a common nuisance cannot stand against her. Acquittal of making a sale is not inconsistent with guilt of keeping a place where the purpose is to sell and barter. That no business is done is immaterial, if the place is kept for the purpose of doing business. Under section 21 of title 2 of the National Prohibition Act, any room, house, or place where intoxicating liquor is sold, kept, or bartered, in violation of the act, is declared to be a common nuisance, and under section 33 of the same title the possession of liquor by a person not lawfully permitted to possess it shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, or otherwise disposed of, in violation of the act. It is also provided that the burden of proof is upon the possessor, in any action concerning the same, to prove that such liquor was lawfully acquired, possessed, or used. It seems too clear for argument that, if liquor or wine was found upon the premises, it became incumbent upon the defendants to prove that it was lawfully acquired or possessed or used by them.

We find no reason for disturbing the judgment.

Affirmed.