## SCRIBNER et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 3, 1924.)

No. 4252.

**1. Criminal law ⬤⟜696(3)—Denying motion to strike out testimony held not error.**

That a witness describing rooms in defendant's lodging house, in one of which it was testified that liquor had been purchased and served, called them "serving rooms," *held* not ground for striking out the testimony.

**2. Witnesses ⬤⟜268(1) — Excluding questions on cross-examination held not error.**

Sustaining objections to questions asked a government witness on cross-examination, designed to show discrepancies in the testimony of other witnesses, *held* not error.

**3. Criminal law ⬤⟜878(4)—Acquittal on count charging maintenance of nuisance not inconsistent with conviction for selling liquor.**

Where an indictment in separate counts charged maintenance of a nuisance and sale of liquor, acquittal on the nuisance count was not inconsistent with a conviction on the sales count.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Criminal prosecution by the United States against William L. Scribner, Alice Scribner, and Lottie Powell. Judgment of conviction, and defendants bring error. Affirmed.

Egan & Moriarty, of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. William and Alice Scribner and Lottie Powell seek review of their convictions under counts of an information charging sale and possession, respectively, of intoxicating liquor. They were acquitted under a count charging maintenance of a nuisance.

The contention that there was no evidence to justify a conviction is without merit. It was in evidence that a witness went to the lodging house in Seattle where Scribner and his wife lived, and there were shown into what the witness called a "serving room," where they met two girls, and purchased liquor which was served from a bottle brought into the room by Lottie Powell, one of the defendants; that while they were drinking defendant Alice Scribner came into the room and sat down, but declined to drink, saying that she had not been well for several days, and added, "The girls will take care of you." Mrs. Scribner told one of the witnesses that she was the landlady. Upon the arrest of the three women, Mrs. Scribner stated she was the proprietress of the place, and that the other women were working for her. Defendant Scribner, husband of defendant Alice Scribner, was arrested upstairs on the third floor of the lodging house in the living quarters of the Scribners. Upon a search of his quarters the agents found a bottle of whisky, and in the kitchen of the apartment a bottle of beer, but Scribner denied that he had anything to do with the place. Money that had been marked by the agents was found in the chiffonier drawer in the apartment.

For the defense, Mrs. Scribner testified that she knew nothing of the sales of liquor, and had no participation in any of the transactions, and had no liquor in her apartment. Scribner, the husband, testified that he lived in an apartment separate from that occupied by his wife, and that he was not connected in any way with the management or ownership of the lodging house, knew nothing of any sales, and never had possession of the liquor which the agents said they found in his room.

As to the guilt of all defendants except Scribner, the evidence of the prosecution was clear. As against William Scribner, it was much less direct; yet we are of opinion that what weight to attach to the facts and circumstances, and what were the fair inferences therefrom, were properly for the consideration of the jury. And we cannot disturb the verdict predicated upon the conclusion that Scribner knew the character of the lodging house, and was perfectly familiar with the kind of transactions his wife

was engaged in, and that there was liquor found in his room in the lodging house.

[1] One of the witnesses, in describing the premises, said that there were four "serving rooms" along the hallway. Counsel argues that the court should have granted the motion to strike out such testimony on the ground that it was a mere conclusion as to what the rooms actually were. The court overruled the motion to strike, but charged the jury that there was testimony concerning the arrangements of the room, and that witnesses for the government called them serving rooms. There was no error in the ruling, for, obviously, the witnesses were merely describing the apparent general purposes for which the rooms were used. It was in evidence that the rooms were fitted up with tables and chairs, and that the witnesses were served with drinks in one of the rooms. Naturally, one would speak of such a room as a serving room.

[2] It is contended that the court erred in sustaining certain objections during the cross-examination. Justi, a prohibition agent and a witness for the prosecution, testified briefly as to a search of Scribner's room and the finding of a bottle of beer. On direct examination he was not asked who was with him, but on cross-examination it was sought to prove that at the time of the search a man named Simmons was upstairs in the lodging house with another man named Whitney. The purpose of counsel, as disclosed in his brief, was to show a discrepancy between the testimony of the government's witnesses Whitney and Simmons. We think the court was right in ruling that the defendants could not on cross-examination of Justi prove any such discrepancy.

[3] The last point urged is that defendants, having been acquitted under the count charging maintenance of a common nuisance, could not be convicted under the count charging the sale of intoxicating liquor. But as there was sufficient evidence to support the verdict of the sale charged, defendants cannot say that because they were found not guilty of maintaining a nuisance they could not be held guilty of having made a sale. The counts were separate, and conviction under one is not inconsistent with acquittal under the other. Bilboa v. United States (C. C. A.) 287 F. 125; Carrignan v. United States (C. C. A.) 290 F. 189; Panzich v. United States (C. C. A.) 285 F. 871, certiorari denied 262 U. S. 749, 43 S. Ct. 524, 67 L. Ed. 1213.

The judgments are affirmed.