## STECKLER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 310.

**1. Intoxicating liquors ⊂⇒139—Druggist with permit to possess liquor not protected, if habitually engaged in unlawful sales.**

A druggist who has permit to possess liquor will not be protected in possession, if it is shown that he habitually engages in unlawful sales.

**2. Intoxicating liquors ⊂⇒236(7)—Single sale by druggist with permit may be sufficient to show that it was an instance of habitual practice.**

In prosecution of druggist for possession of liquor in violation of Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and holding liquors for sale contrary to regulations and his permit, a single sale may be enough to show that it was an instance of habitual practice, sufficient to justify finding that whole stock is held for illicit sale.

**3. Criminal law ⊂⇒878(4)—Acquittal on charges of unlawful sales and maintaining liquor nuisance, and conviction for unlawful possession, permissible on same evidence.**

Notwithstanding acquittal of druggist having permit to possess liquor of maintaining a nuisance and unlawful sale of liquor, conviction on the same evidence under count charging un-

lawful possession will not be disturbed, though apparently inconsistent, in that the unlawful possession could only be proved by unlawful sales.

In Error to the District Court of the United States for the Southern District of New York.

Nathan Steckler was convicted of unlawful possession of intoxicating liquor, and he brings error. Affirmed.

Writ of error on a judgment of conviction on the second count of an information under the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Count 1 was for maintaining a nuisance; count 2, for unlawful possession; count 3, for an unlawful sale on April 8, 1924; count 4, for another sale on the same day. The jury acquitted the defendant on the other three counts.

Louis Bennett, of New York City, for plaintiff in error.

Emory R. Buckner, U. S. Atty., of New York City (John M. Cashin, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HAND, Circuit Judge. [1, 2] Steckler was a druggist with a permit to possess liquor. It was therefore essential to a conviction under count 2 to show that his possession, prima facie legal, had been abused, and that he was holding the liquors for sale contrary to the regulation under which he did his business. This the prosecution tried to do by proving sales of liquor at the defendant's shop. Two of such sales were laid in counts 3 and 4, and proved as of that day. A third was not laid at all, but proved as of April 11. The jury acquitted the defendant on the sale counts and on count 1 for maintaining a nuisance. The defendant's possession would not be protected under his permit, if it were shown that he was engaged habitually in unlawful sales. We accept the ruling in Lipschutz v. Quigley (D. C.) 287 F. 395. Francis Drug Co. v. Potter (D. C.) 275 F. 615, and In re Alpern et al. (D. C.) 280 F. 432, are to be read as depending upon the fact that a single sale was not enough to prove that all liquors were intended for sale. Yet, as in the case of a nuisance, a single sale may be enough to show that it was an instance of a habitual practice; that depends upon the circumstances which attended it. The evidence at bar would have justified a jury in concluding that the whole stock was held for

illicit sale, whenever there was an opportunity.

[3] The real point in the case is the inconsistency in the verdict. Count 2 could have been proved only by showing that the defendant had been guilty of unlawful sales, and the verdict in counts 3 and 4 showed that the jury were not willing to find the defendant guilty on the sales of April 8. It is theoretically possible that they might still have found that the sale of April 11 took place, especially as the defense was not so strong in respect of that. But, if that had been the jury's reasoning, it is impossible to account for their verdict on the nuisance count. There is a plain inconsistency in saying that the liquors were kept for sale, and in saying that the shop in which they were was not one in which the same liquors were kept for sale. We cannot, therefore, avoid the question whether this inconsistency invalidated the verdict of guilty on count 2.

The point has usually arisen where the verdict was in fact not inconsistent. Thus in Panzich v. United States, 285 F. 871 (C. C. 9), acquittal on the sale count could stand with a conviction on the count for a nuisance. The general character of the business might have persuaded the jury though they had doubts about the sale. The same was true of Carrignan v. United States, 290 F. 189 (C. C. A. 7), though the court took a broader ground. In Woods v. United States, 290 F. 957 (C. C. A. 9), the acquittal on the possession count could be reconciled with a conviction for selling because a single sale might not color the whole possession. In American Socialist Society v. United States, 266 F. 212, 214 (C. C. A. 2), we reconciled the verdicts between two defendants. No doubt it has generally been assumed that, if the verdict was rationally inconsistent, the conviction ought not to stand, and probably that was the common law, though it is hard to find a case squarely so holding.

In any event, our decision in Marshallo v. United States, 298 F. 74, rules here. That case was the converse of that at bar now, for the defendant was convicted for maintaining a nuisance and acquitted of possession. It was obviously as impossible to say that the house was one where liquors were illegally kept or sold, and to doubt that the liquors were themselves kept in the same way. In Dimmick v. United States, 121 F. 638, 642 (C. C. A. 9), 57 C. C. A. 664, the court declined to consider the effect of an acquittal upon counts identical in substance, and while it is probable that there were formal differences between the counts in Boone v. United States, 257 F. 963, 169 C. C. A. 113 (C. C. A. 8), that does not appear. Both in that case and in Carrignan v. United States, supra, the court declined, as we did in Marshallo v. United States, supra, to consider the inconsistency. The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.

That the conviction may have been the result of some compromise is, of course, possible; but to consider so is to consider too curiously, unless all verdicts are to be upset on speculation. That it represented their deliberate judgment seems to us beyond any reasonable doubt.

Judgment affirmed.