**HARVEY et al. v. UNITED STATES.**

Circuit Court of Appeals, Second Circuit.
January 16, 1928.

No. 202.

**1. Criminal law ⬅372(I)—Proof of independent crimes cannot be used, except where intent of defendant is in issue.**

Proof of independent crimes cannot be used, except where intent of defendant in doing act, which may be either innocent or wrongful, dependent on intent with which it is done, is in issue.

**2. Criminal law ⬅372(6)—Government may prove several offenses committed by conspirators pursuant to their criminal scheme.**

Government may prove several offenses committed by conspirators pursuant to their general criminal scheme.

**3. Criminal law ⬅423(I)—Act done by one of conspirators to effect object of conspiracy is admissible against all.**

An act done by one or more of conspirators to effect object of conspiracy is admissible against all.

**4. Criminal law ⬅423(I)—Relevancy of evidence regarding acts of conspirators in prosecution for conspiracy rests in discretion of trial judge (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).**

In prosecution for conspiracy to accept bribes as prohibition agents, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), question of relevancy of evidence of acts of one defendant, visiting witness' restaurant, charging him with violating law, and asking him for bribe, rested largely in discretion of trial judge.

**5. Criminal law ⬅1169(7)—In prosecution of prohibition agents for conspiracy to accept bribes, admitting evidence that one defendant, with unknown men, asked witness for bribe, held not reversible error (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).**

In prosecution of prohibition agents for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), admitting evidence that one defendant and five unknown men visited witness' restaurant, said they were prohibition agents, charged him with violating law, and asked him for bribe, which he refused to give, held not reversible error.

**6. Criminal law ⬅1169(7)—In prosecution for conspiracy to accept bribes, admitting evidence of acts of one defendant against that defendant only held harmless error (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).**

In prosecution of prohibition agents for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), admitting evidence that one defendant, with five unknown men, visited witness' restaurant, said they were prohibition agents, charged him with violating law, and asked him for bribe, against that defendant only, held harmless error.

23 F.(2d)—36

**7. Criminal law ⬅423(3)—In prosecution of prohibition agents for conspiracy to accept bribes, evidence regarding one defendant's attempt to obtain bribe held improperly limited to that defendant (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).**

In prosecution of prohibition agents for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), evidence that H., one of defendants, purchased liquor at witness' place and attempted unsuccessfully to obtain bribe, and following day H. and other unidentified agents raided his place under search warrant, held improperly limited to H.

**8. Criminal law ⬅427(2)—That two defendants, charged with conspiracy to accept bribes, and another prohibition agent, not charged, accepted bribe, held properly admitted against all defendants charged with conspiracy, leaving question whether it was part of conspiracy to jury (Cr. Code, §§ 37 117 [18 USCA §§ 88, 207]).**

In prosecution of prohibition agents and others for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), evidence that two defendants charged, and another prohibition agent not charged, accused witness of selling liquor and accepted bribe from him, held properly admitted against all defendants, leaving question whether it was an independent transaction or part of conspiracy for jury.

**9. Conspiracy ⬅46—Admitting evidence that witness saw prohibition agents, charged with conspiracy to accept bribes, receive money from men running "speak-easies," held not error (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).**

In prosecution of prohibition agents and others for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), admitting evidence that witness had on four or five occasions seen H. or W. receive money, or envelopes presumably containing money, from men who ran "speak-easies," such incidents being within territory where conspiracy was being carried out, and within period charged in indictment, held not error.

**10. Criminal law ⬅422(3)—Testimony that prohibition agents, charged with conspiracy to accept bribes, attempted to get bribe from witness before conspiracy charged in indictment, held admissible, where witness' relations with defendants continued into period of conspiracy (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).**

In prosecution of prohibition agents and others for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), evidence that two defendants named bought liquor from witness, and offered not to prosecute if he would pay them $100, and he refused, and was prosecuted and fined, held admissible, though incident occurred before conspiracy charged in indictment, where witness' relations with defendants continued long into period of alleged conspiracy.

11. Conspiracy ⬥⟿43(6)—Indictment sufficiently charged defendants with conspiring among themselves and with unknown persons to take bribes to influence their conduct as prohibition agents (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).

Indictment held to sufficiently inform defendants that they were charged with conspiring among themselves and among unknown persons to commit crime of taking bribes to influence their conduct as prohibition agents, in violation of Cr. Code, §§ 37, 117 (18 USCA §§ 88, 207).

12. Conspiracy ⬥⟿43(6)—Indictment charging prohibition agents and others with conspiracy to accept bribes did not limit bribes to those collected by certain persons not convicted (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).

Indictment alleging that defendants conspired among themselves and divers other persons to grand jurors unknown to accept bribes, and alleging that as part of conspiracy four named prohibition agents should obtain evidence of violations of National Prohibition Act (27 USCA), and that B. and K. should collect bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), did not limit bribes to those collected by B. and K., who were not convicted.

13. Criminal law ⬥⟿1136—That evidence seemed equally persuasive against defendants acquitted was of no avail to those convicted (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).

In prosecution of prohibition agents and others for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), fact that evidence seemed equally persuasive against defendants who were acquitted was of no avail to those convicted.

14. Witnesses ⬥⟿414(1)—In prosecution of prohibition agents for conspiracy to accept bribes, admitting court records to fix dates of closing certain premises in corroboration of witnesses held proper (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).

In prosecution of prohibition agents and others for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), documentary evidence, consisting of padlock decrees and certifications of United States marshal that he had closed certain premises on certain dates, held properly admitted to fix dates, in corroboration of witnesses who had testified that various premises had been padlocked.

15. Criminal law ⬥⟿1169(1)—That competent evidence may be incidentally injurious is not ground for reversal.

It is not ground for reversal that competent evidence may be incidentally injurious, for reasons which would exclude it if it stood on them alone.

16. Criminal law ⬥⟿1169(2)—Admitting certificates of appointment of prohibition agents, showing they had been dismissed, in prosecution for conspiracy to accept bribes, held not harmful (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).

In prosecution of prohibition agents for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), admitting documentary evidence, consisting of certificates of appointment of defendants, containing remarks that agents had been dismissed, held not error, since fact they were under indictment necessarily involved their dismissal.

17. Criminal law ⬥⟿1169(1)—Testimony that witness paid weekly bribes to defendant, charged, with prohibition agents and others, with conspiracy to accept bribes, and that previously witness gave partner $35 per week, held admissible (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).

In prosecution of prohibition agents and others for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), admitting evidence that witness paid one of defendants weekly bribes, and that before this he had given his partner $35 per week, held not prejudicial error.

18. Witnesses ⬥⟿410—Whether relevant corroborative testimony should be received rests largely in trial court's discretion.

Whether relevant corroborative testimony should be received should rest largely in discretion of trial judge.

19. Criminal law ⬥⟿419, 420(1)—Witnesses ⬥⟿414(1)—Evidence that witness' brother gave him money, which he paid defendant as bribe, held not hearsay, and its admission to corroborate evidence regarding bribe not abuse of discretion (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).

In prosecution of prohibition agents and others for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), evidence that witness' brother gave him $400, which he paid to one of defendants as bribe, was not hearsay, and its admission, as corroborative to show that bribe giver possessed money at time he stated he gave bribe, held not abuse of discretion.

20. Witnesses ⬥⟿377—Evidence that witness, charged with having been intimidated, told same story before threat, held properly admitted (Cr. Code, §§ 37, 117 [18 USCA §§ 88, 207]).

In prosecution for conspiracy to accept bribes, in violation of Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), where on cross-examination defendants sought to show government's witness had been intimidated into giving testimony against defendants, admitting evidence that such witness had told another the same story before he was threatened held proper, since it is always permissible to testify that witness, who is under charge of bias, told same story before bias arose.

21. Criminal law ⬥⟿1171(3)—Judgment will not be reversed, where remarks outside testimony, made by district attorney in argument, are insignificant.

Not every remark outside testimony, made by district attorney in heat of argument, is ground for reversal, and judgment will not be reversed, where such remarks are of trifling significance.

**22. Witnesses ⟨⟩267—Trial judge has wide discretion in restricting cross-examination.**

Trial judge must be given wide discretion in restricting cross-examination of witnesses, particularly where there are several defendants, represented by several attorneys.

In Error to the District Court of the United States for the Southern District of New York.

Jesse J. Harvey and another were convicted of conspiracy to accept bribes while prohibition agents, contrary to Criminal Code, §§ 37, 117 (18 USCA §§ 88, 207), and they bring error. Affirmed.

The indictment in a single count charges that from January 1, 1923, to the date of the indictment, February 7, 1927, the defendants, Harvey, Kassell, Dixon, Warner, Briggs, and McCann, conspired together and with other persons unknown to the grand jurors to violate section 117 of the United States Criminal Code (18 USCA § 207) in the manner following: Harvey, Warner, Dixon, and McCann were prohibition agents. It was part of said conspiracy that they, in pursuance of their duties as such agents, should obtain evidence of violations of the National Prohibition Act (27 USCA) in order to seek and to receive bribes to influence their official conduct. It was further a part of such conspiracy that they should introduce Briggs and Kassell to violators of the law, and that Briggs and Kassell should collect from such violators money to be paid to the above-named prohibition agents to influence their official conduct. Four overt acts were alleged.

The indictment was severed as to Kassell, and the remaining five defendants were tried together. The prosecution first introduced evidence to prove the overt acts charged in the indictment, and to show the existence of a general conspiracy among the named defendants to accept bribes when violations of the National Prohibition Act were discovered by them. This evidence related to the taking of bribes from the proprietors of places where liquor was sold illegally in that section of New York City known as Harlem. The testimony was that some of the bribes were paid to the "collector" Briggs, and some were paid direct to some of the prohibition agents, and that in return for the payments the bribers received protection or were left unmolested by the agents. All of the agents were involved in the making of arrests, executing search warrants and investigating places whose proprietors testified to giving bribes to some one or more of the defendants. These transactions involved a period from June, 1923, to December, 1926. The prosecution then offered additional testimony relating to the taking of bribes or the attempt to obtain them from other persons by some one or more of the above-named prohibition agents. All of the defendants took the stand and denied their guilt. Witnesses also presented testimony of their good character. Harvey and Warner were convicted, and the other three defendants were acquitted.

The record is voluminous, and the plaintiffs in error have assigned more than 90 errors, about half of which are discussed in their brief, grouped under six headings, as follows:

(1) Admitting evidence of separate, independent, and unconnected conspiracies.

(2) Admitting evidence of overt acts committed prior to January 1, 1923.

(3) Admitting evidence of transactions with persons unknown.

(4) The verdict of the jury is inconsistent.

(5) Errors in admitting evidence and in permitting the district attorney to make prejudicial statements to the jury.

(6) The court limited cross-examination of the government witnesses.

Julius Hallheimer and Goldstein & Goldstein, all of New York City (Jonah J. Goldstein, of New York City, of counsel, and John T. De Graff, of Albany, N. Y., on the brief), for plaintiffs in error.

Charles H. Tuttle, U. S. Atty., of New York City (J. Edward Lumbard, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). [1] 1. The point most strongly urged as error is the admission of evidence of acts done by Harvey, or by Harvey and Warner, acting with other persons not named in the indictment. It is said that this amounted to the admission of evidence of distinct conspiracies not charged in the indictment and not tending to prove any disputed element of the crime charged. It is elementary that proof of independent crimes cannot be used, except where the intent of the defendant in doing an act which may be either innocent or wrongful dependent upon the intent with which it is done, is in issue. See Marshall v. United States, 197 F. 511, 515 (C. C. A. 2).

[2, 3] We agree with the plaintiffs in error, and indeed it is conceded by the government, that the case at bar is not within the excep-

tion, for, if money was received from violators of the prohibition law, it was not disputed that it was received as a bribe, there being no claim that the payment was innocent—as might have been the case, had the defendants admitted the receipt, but contended it was in satisfaction of a debt, or the like. Therefore the plaintiffs in error are right, and this also is conceded by the government, in insisting that the evidence, to be competent, must relate to acts which might reasonably be inferred to have been done in execution of the conspiracy charged. That the government may prove several offenses committed by the conspirators pursuant to their general criminal scheme is not doubted by the defendants, nor could it be under the authorities. Ford v. United States, 10 F. (2d) 339, 348 (C. C. A. 9), affirmed 273 U. S. 593, 624, 47 S. Ct. 531, 71 L. Ed. 793. Neither is it doubtful that an act done by one or more of the conspirators to effect the object of the conspiracy is admissible against all. Silkworth v. United States, 10 F. (2d) 711, 719 (C. C. A. 2); Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. The dispute does not concern the principles involved, but the application of them to the particular facts.

The incidents which are objected to as separate offenses are briefly as follows:

Witness Folci testified that Harvey and five unknown white men, one of whom he thought was named Mannix, visited his restaurant at West End, N. J., in June, 1926, said they were prohibition agents, charged him with violating the law, and asked him for a bribe, which he refused to give. We think the test of the competency of this incident is that stated by the Supreme Court in the Ford Case, supra: Whether "there was sufficient probable connection with the conspiracy already shown to allow the items of evidence to be introduced, leaving to the jury the weight of it."

The conspiracy already shown was one between the defendants named in the indictment to take bribes from violators of the Prohibition Law, and the instances previously testified to related to "speak-easies" located in the Harlem section of the city. But the crime charged in the indictment was not limited to a particular location, and any attempt to secure a bribe anywhere within the prohibition district wherein the named agents exercised their official duties may well have been an act done in execution of the conspiracy charged. The indictment alleged that it was part of the conspiracy that Harvey and the other agents should obtain evidence of violations of the Prohibition Law, in order to ask and receive bribes. Therefore any evidence of Harvey's activity in collecting evidence of violations by persons who paid bribes, or were solicited so to do, would presumptively be competent, unless the circumstances forbade the inference that it was done pursuant to the general plan. The time, the place, and particularly the character of the acts done are important in determining the probability of their being done pursuant to the conspiracy already proven.

The Folci incident was clearly during a time when the conspiracy was shown to exist. The place was not such as necessarily to exclude relevancy. If Harvey had been alone, there would be as much reason to think he was soliciting the bribe for the common pot of the conspirators as if he had sought it from the proprietor of some restaurant in Harlem. The fact that he was accompanied by unknown agents, who are not otherwise connected with the conspiracy, tends to weaken the inference that he was trying to effectuate the general conspiracy. Conceivably he may have been engaged in an entirely independent attempt at bribery, in which the unknown agents were his only fellow conspirators. But this is not necessarily so. Agent Mannix aided Harvey a month later in executing a search warrant at Bernard Levy's place on Seventh avenue, an incident directly tied up with the general conspiracy. Perhaps the raid upon Folci was also part of the general conspiracy, and the unknown agents were also members of the ring.

[4, 5] The indictment charged the named defendants with conspiring also with unknown persons. The question of relevancy must rest largely in the discretion of the trial judge. While the writer of this opinion would have been disposed to exclude this incident from the jury's consideration, after it appeared that no further evidence was offered to connect it more closely with the proven conspiracy, this is far from saying that it was reversible error not to have done so. If it was error at all to allow the jury to consider this evidence, we cannot believe that this single incident turned the scales of their verdict. In the total mass of the evidence against Harvey, this could not have had controlling weight.

[6] The Folci testimony was admitted only as against Harvey. This was clearly wrong. If it was an act done pursuant to the conspiracy, it was admissible against all; if it was not such an act, then it was a separate offense, and inadmissible against any. But

the error was one which may have benefited the other defendants, rather than one which may have harmed Harvey.

[7] The witness Mannion testified that in August, 1925, Harvey purchased liquor at his place on Lenox avenue and attempted unsuccessfully to obtain a bribe, and the next day Harvey and other unidentified agents raided his place under a search warrant. This evidence was also improperly limited to Harvey. The Mannion incident is relevant in time, place, and character of act. It is not made too remote by the presence of other agents with Harvey in executing the search warrant. The execution of the warrant merely shows that Harvey performed his duty when he failed to get the bribe. That other agents assisted him is immaterial.

[8] The witness Goosey testified that, in the summer of 1923, Warner, Harvey, and another agent, Westmoreland, followed a stranger into his tailoring shop, found liquor on the stranger, and thereupon accused the tailor, Goosey, of selling it. Goosey went with the agent, Westmoreland, to a bank and paid him a bribe. The court ruled that whether this was an independent transaction or part of the conspiracy was for the jury, and admitted it against all the defendants. This was clearly right. The participation of Westmoreland does not necessarily make it an independent conspiracy. He may have been one of the unknown persons who are charged as parties to the conspiracy in the indictment.

[9] The witness Reason, a convict, testified to some four or five occasions on which he had seen Harvey or Warner receive money, or envelopes presumably containing money, from men who ran "speak-easies." The incidents were all within the territory where the conspiracy was being carried out, and all but one, which occurred in the autumn of 1922, were within the period charged in the indictment. They were within the principles already discussed, and there was no error in admitting the evidence, though its probative weight may well be doubted.

[10] 2. The witness Dietzel testified that on June 7, 1922, Harvey and Warner bought liquor from him, and offered not to prosecute if he would pay them $100. He refused, and was prosecuted and fined. The only reason advanced for considering this an independent conspiracy is that it occurred before the conspiracy charged in the indictment. But it was permissible for the jury to construe the incident as showing that the same conspiracy was on foot before the date set out in the indictment. Dietzel's relations with the defendants continued long into the period of the conspiracy, and the earlier incident was clearly competent under the authorities. Heike v. United States, 227 U. S. 131, 145, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128; Chafin v. United States, 5 F.(2d) 592 (C. C. A. 4); Langley v. United States, 8 F.(2d) 815 (C. C. A. 6).

3. It is contended by plaintiffs in error that transactions in which persons not named in the indictment took part were incompetent, because the indictment is insufficient to charge a conspiracy between the named defendants and unknown persons. The indictment alleges that the named defendants conspired "among themselves and with divers other persons to the grand jurors unknown" to violate section 117 of the Criminal Code. It goes on to say that it was part of the conspiracy that the four named prohibition agents should obtain evidence of violations of the National Prohibition Act (27 USCA), in order that they might unlawfully receive bribes, and that it was further a part of the conspiracy that the named agents should introduce Briggs and Kassell to law violators as their collectors, and that the two last-named defendants should collect bribes to be paid to the four prohibition agents. The notion seems to be that under such an indictment it was improper to prove that any of the named agents obtained evidence of law violations and solicited a bribe from the violator, provided such agent was accompanied at the time by any person not named in the indictment.

[11] Whether there was sufficient probable connection between such transactions and the conspiracy already shown to render them relevant has already been discussed. So far as the indictment as a pleading is attacked, we think it adequately charges a conspiracy between the named defendants and unknown persons as well as a conspiracy among the named defendants themselves. The purpose of the pleading is to inform the defendants of the charge against them. This indictment does inform them that they are charged with conspiring among themselves and with unknown persons to commit the crime of taking bribes to influence their conduct as prohibition agents. They would be no better able to prepare their defense, had later paragraphs of the indictment repeated the words "unknown persons," and stated that it was part of the conspiracy that the named prohibition agents, acting alone or with unknown persons, should obtain evidence of violations of the Prohibition Act, in order that they might unlawfully receive bribes.

[12, 13] 4. The claim that the verdict of the jury is so inconsistent as to require reversal is without merit. It is based on the erroneous theory that the conspiracy charged was limited to one in which the bribes must be collected by Briggs and Kassell, and that, since these collectors were not convicted, the prohibition agents cannot be. The indictment is not so narrow. It charges generally a conspiracy to take bribes, and says that it was a part of said conspiracy that the agents should obtain information of law violations in order that they might unlawfully "ask, accept, and receive" bribes to influence their official conduct. This part of the conspiracy could be proven, without reference to collections by Briggs. That the evidence seems equally persuasive against the defendants who were acquitted is of no avail to those convicted. Bryant v. United States, 257 F. 378, 385 (C. C. A. 5); Grove v. United States, 3 F.(2d) 965 (C. C. A. 4); Am. Socialist Soc. v. United States, 266 F. 212 (C. C. A. 2); Steckler v. United States (C. C. A.) 7 F.(2d) 59; cf. Boyle v. United States, 22 F.(2d) 547 (C. C. A. 8).

[14, 15] 5. It is objected that certain documentary evidence was admitted, consisting of "padlock decrees" and certifications of the United States marshal that he had closed certain premises on certain dates. That the various premises had been padlocked had been testified to by numerous witnesses for the prosecution. These court records were admitted simply for the purpose of fixing dates in corroboration of these witnesses.

Plaintiffs in error argue that the evidence was prejudicial, because it created an inference that, since other agents had closed the places in question, the plaintiffs in error could have done so had they so desired. The evidence was competent for the purpose for which it was admitted. It is never a ground for reversal that competent evidence may be incidentally injurious, for reasons which would exclude it if it stood on them alone. 1 Wigmore, Evidence (2d Ed.) § 13.

[16] Other documentary evidence objected to consisted of certificates of appointment of the four defendants who were prohibition agents. These certificates contained statements that the agents had been dismissed on December 31, 1926. This could have done no harm. The fact that they were under indictment necessarily involved their dismissal.

[17-19] Certain evidence is objected to as hearsay. Goldfarb, who had testified to paying weekly bribes to Briggs, also testified that before this he had given his partner, Rabinowitz, $35 per week. Rabinowitz did not testify. Goldfarb's statement that he gave his partner money was certainly not hearsay. It may have been incompetent, because irrelevant; but we do not consider its admission prejudicial error. Eichler's testimony, objected to on the same ground, is entirely insignificant. Charles Levy testified that his brother, with whom he was in partnership, gave him $400, which he paid to Agent McCann as a bribe. This was not hearsay. The witness testifies to what he himself did. He did not testify as to what his brother said to him when he gave him the money. Whether that would have been admissible we need not now decide. The only question is whether the testimony as to the source from which he got the money which he gave as a bribe is sufficiently relevant to the fact in issue, the payment of the bribe, to be admissible. Logically, it seems corroborative to show that the bribe giver possessed the money at the time he says he gave the bribe. Whether relevant corroborative testimony should be received should rest largely in the discretion of the trial judge. If reversal for abuse of such discretion is ever proper, this is not such an instance.

[20] On cross-examination the defendants sought to show that the government's witness Richman had been intimidated into giving his testimony against the defendants. Richman and Heise were then permitted to testify that Richman had told Heise the same story before he was threatened. The objection is not sound. It is always permissible to testify that a witness who is under charge of bias told the same story before the bias arose. 2 Wigmore, Evidence, op. cit. § 1128.

There are numerous other assignments of error in respect to the admission of evidence, but it would unduly prolong this opinion to consider each of them in detail, and we think it sufficient to say that we have considered the evidence objected to, and do not find any prejudicial error.

[21] The same may be said with respect to the contention that the district attorney was permitted to make improper remarks to the jury. Not every remark outside the testimony, made by counsel in the heat of argument, is ground for reversal, as was recognized by the Supreme Court in Dunlop v. United States, 165 U. S. 486, 498, 17 S. Ct. 375, 41 L. Ed. 799. In the case at bar we regard the remarks complained of as of trifling significance, and less serious than in other cases where counsel's conduct has been deemed insufficient for reversal. See Remus v. United

States, 291 F. 501 (C. C. A. 6); Di Carlo v. United States, 6 F.(2d) 364 (C. C. A. 2). [22] 6. Objection is made that the court improperly restricted cross-examination of certain witnesses by the defendants' counsel. This is a matter in which the trial judge must necessarily be given a wide discretion, and particularly where there are several defendants represented by several attorneys. Jelke v. United States, 255 F. 264 (C. C. A. 7); Fire Ass'n of Phila. v. Oneida County Macaroni Co., 294 F. 633, 639 (C. C. A. 2). We find no abuse of the discretion in the record before us.

There was a great mass of evidence which, if believed by the jury, showed conclusively the guilt of the defendants. The judge charged the jury at great length, and in a manner which fully and fairly set before them the law of the case, except in so far as he stated that the evidence regarding two or three transactions could be considered only against the particular defendants involved in them, when it should have been received against all—a matter which we have already considered.

We find no prejudicial error which justifies reversal, and the judgment is accordingly affirmed.