## SCERBA v. UNITED STATES.
### No. 73.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1932.

Michael J. Maher, of Buffalo, N. Y., for appellant.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (R. O. Baldwin, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The only points of any consequence are the sufficiency of the proof for submission to the jury, and the admission of certain testimony as to a talk which antedated the conspiracy as laid. The case does not therefore justify an extended exposition. As to the first point, there was evidence enough to connect Horvatt with Scerba if the jury believed it. Gibbons swore that they both ordered the fittings for "Benny's Place" and for the club; two separate enterprises, each

unlawful. Kane said that Horvatt came and took money from the till, which, though Stephens denied it, when recalled, presented an issue of fact. Dudock's testimony was best reconciled with the fact that Horvatt was not collecting rent for the place connected with his bank. The workmen who put in the heating and the pipes both dealt in part with Horvatt. All this plainly showed a conspiracy, if true. As to the second point, that part of Gibbons' testimony which goes back of 1928, the date set for the beginning of the conspiracy, was properly admitted. The conspiracy, as laid, included both Benny's Place and the club, as appears from the overt acts. Hence the evidence as to the outfitting of Benny's Place was proper; it was not of another conspiracy or of transactions before the conspiracy. True, the talk in question was before the date laid in the indictment, but the dates were not conclusive. Heike v. U. S., 227 U. S. 131, 145, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128; Harvey v. U. S., 23 F.(2d) 561, 565 (C. C. A. 2). See Langley v. U. S., 8 F.(2d) 815, 820 (C. C. A. 6).

Judgment affirmed.