**UNITED STATES of America**

v.

**Paulino CRUZ, Genoveva Rodriguez Vinas, Defendants.**

United States District Court
S. D. New York.

June 27, 1955.

J. Edward Lumbard, U. S. Atty., New York City, by Arnold G. Fraiman, Asst. U. S. Atty., New York City, of counsel, for the United States.

James Cally, New York City, for defendant Cruz.

Florence M. Kelley, New York City, for defendant Vinas, by Bernard Moldow, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

This is a motion to set aside a verdict of conviction of the defendant Vinas on count 5[1] and to enter judgment for the defendant or in the alternative for a new trial.

I stated at the conclusion of the entire case that there was adequate evidence to support the jury's conviction of the defendant Vinas on count 5 of the indictment, and after more time to reflect, I still believe so. There was testimony that the defendant was with Cruz on the morning of February 3 when Davis, a Narcotics Bureau Agent, offered to purchase cocaine; that she admitted bringing in some cocaine from Cuba; that she saw Cruz sell cocaine to Davis on February 3rd and February 5th; that she, at Cruz' request, translated the negotiation discussions between Cruz and Davis on February 3rd; and that she accepted the $75 payment from Davis and handed it to Cruz. In addition, there is the defendant's admission

---

1. Only defendant Vinas was tried; Cruz pleaded guilty. Count 5 charged a conspiracy to violate the narcotics laws. The other count was count 2. Defendant was accused of aiding and abetting Cruz in the sale of narcotics on the morning of February 3rd.

to the Narcotics Bureau that she knew that Cruz had sold narcotics prior to February 3rd. This evidence is clearly sufficient to sustain a jury finding that a conspiracy existed between Cruz and the defendant and that at least one overt act charged in the indictment in furtherance of the conspiracy was performed.

As I understand the defendant's contention on this motion to set the verdict aside it is that if the jury believed all this evidence it was bound to convict the defendant on both counts or if it disbelieved this evidence it should have acquitted her on both counts, and that its actual verdict is inconsistent and must have been the result of compromise among the members of the jury. In the first place, it is possible to find some semblance of consistency in the verdict. It may be that the jury did not believe that the defendant had brought cocaine in from Cuba, as she is alleged to have admitted to agent Davis, and that her other acts were insufficient to constitute "participation" for the purposes of conviction upon the aiding and abetting count, but were sufficient evidence from which an unlawful agreement could be inferred, the necessary overt act being performed by Cruz.

█ Other theories can perhaps be conjured up to render the conviction for conspiracy consistent with the acquittal for aiding and abetting under the evidence in this case. However, I wish to place my decision upon another proposition: Even if we assume that the verdict is thoroughly inconsistent, it must nevertheless stand. If, as here, the evidence is adequate to support a conviction on the count upon which the jury did convict, then the inconsistent verdict should remain undisturbed. This doctrine has been reiterated in many federal decisions. In Steckler v. United States, 2 Cir., 1925, 7 F.2d 59, 60, on the same evidence the jury acquitted the defendant on three counts, and convicted him on one count. The Circuit Court held that although the verdict was patently inconsistent, the lower court committed no error in accepting it. Judge L. Hand writing for the Court, said:

"The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity. That the conviction may have been the result of some compromise is, of course, possible; but to consider so is to consider too curiously, unless all verdicts are to be upset on speculation."

The Supreme Court in Dunn v. United States, 1931, 284 U.S. 390, 52 S.Ct. 189, 190, 76 L.Ed. 356, expressly approved of and quoted the Steckler decision. The Court there said:

"Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. * * * If separate indictments had been presented against the defendant * * * and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as *res judicata* of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold."

The Supreme Court in United States v. Dotterweich, 1943, 320 U.S. 277, 64 S.Ct. 134, 135, 88 L.Ed. 48, reaffirmed the Steckler and Dunn doctrines. The jury in that case acquitted the corporate defendant on the same counts that it convicted the corporation's President, Dotterweich. The Court said:

"Equally baseless is the claim of Dotterweich that, having failed to find the corporation guilty, the jury could not find him guilty. Whether the jury's verdict was the result of carelessness or compromise or a belief that the responsible individual

should suffer the penalty instead of merely increasing, as it were, the cost of running the business of the corporation, is immaterial. Juries may indulge in precisely such motives or vagaries."

See also: United States v. Coplon, 2 Cir., 1950, 185 F.2d 629, 633.

The motion is in all respects denied. So ordered.