**UNITED STATES of America,**
Appellee,

v.

**AMERICAN STEVEDORES, INC.,**
Defendant-Appellant.

No. 82, Docket 27649.

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1962.

Decided Nov. 14, 1962.

Certiorari Denied Jan. 21, 1963.
See 83 S.Ct. 552.

John T. Reges, Washington, D. C. (Julius G. Hirsch, New York City, on the brief), for defendant-appellant.

Sheldon H. Elsen, Asst. U. S. Atty. for Southern District of New York (Vincent L. Broderick, U. S. Atty. for Southern District of New York, on the brief; Martin R. Gold, and Arthur I. Rossett, Asst. U. S. Attys., of counsel), for appellee.

Before CLARK, MOORE and SMITH, Circuit Judges.

PER CURIAM.

Appellant, American Stevedores, Inc., a family-owned corporation, appeals from its conviction for willfully failing to report corporate income and for evading and defeating the taxes thereon in violation of Int.Rev.Code of 1939 § 145(b); 26 U.S.C.A. § 7201. Appellant and its four sole stockholders, all brothers, three of whom were its principal directors, officers, and operators, were tried before a jury which acquitted the stockholders but convicted appellant. A fifth individual, the president of appellant and father of the stockholders, moved for, and was granted, a severance because of ill health. He has not been tried to date.

■ Appellant claims on appeal that the acquittal of appellant's principal operators precluded and/or made inconsistent the jury's conviction of appellant on these same charges.

We find no merit in this contention. The record shows ample grounds upon which the jury could have consistently arrived at both verdicts. The jury could have found that the tax frauds were committed on behalf of appellant by its comptroller, Walter Gans, acting within the scope of his employment. United States v. Steiner Plastics Mfg. Co., 2 Cir., 1956, 231 F.2d 149, 153; United States v. George F. Fish, Inc., 2 Cir., 1946, 154 F.2d 798; cert. denied 328 U.S. 869, 66 S.Ct. 1377, 90 L.Ed. 1639 (1946). Gans, an employee of many years' standing, was appellant's internal accountant; as such he was given absolute discretion and authority over appellant's books. The personal expenses of the stockholders, carried on the books as corporate expenses and deducted in reporting its tax liability as business deductions, in part formed the basis of the violations charged. Appellant's contention that Gans did not have sufficient authority to bind appellant to a criminal act is belied by the affirmative evidence indicating that he had "carte blanche" over all financial matters. Appellant, by its directors, having given Gans such authority, may very well have been found to have condoned his illegal treatment of these items for their benefit. The effect of such condonation is not dissipated by appellant's use of independent accountants to fill out the actual returns.

The jury also may have found, contrary to appellant's claim, that its president was more than a mere nominal officer, and that he, who has not been tried as yet, either himself committed the illegal acts on behalf of appellant or directed Gans to so do.

■ Alternatively, even if the verdicts were inconsistent, it is well settled that consistency in these verdicts is not re-

quired. United States v. Crosby, 2 Cir., 1961, 294 F.2d 928, cert. denied sub nom. Mittelman v. United States, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962) ; Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1931).[1]

Affirmed.

[1] "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity." (Steckler v. United States, 7 F.2d 59, 60, 2 Cir., 1925.)