NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30107 |
| Plaintiff - Appellee, | D.C. No. 4:15-cr-00063-BMM-1 |
| v. | |
| JOSEPH DEAN LEE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeals from the Order of the
United States District Court for the
District of Montana
Brian Morris, District Judge, presiding

Submitted June 16, 2017**
Seattle, Washington

Before: BYBEE and M. SMITH, Circuit Judges, and DORSEY,*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

1

Appellant Joseph Lee went to trial on three criminal charges alleging violent sexual behavior, and was ultimately found guilty on two of three counts. Lee now challenges his jury conviction for assault with intent to commit aggravated sexual abuse, 18 U.S.C. §§ 1153(a), 113(a)(1) (Count II), and assault with intent to commit abusive sexual contact, *id.* §§ 1153(a), 113(a)(2) (Count III). Lee argues that his convictions on Counts II and III are inconsistent with his acquittal on Count I, aggravated sexual abuse, *id.* §§ 1153(a), 2241(a), and that his convictions therefore violate due process. Lee further argues that the evidence in the record was insufficient to sustain his convictions on Counts II and III. For the reasons set forth in this memorandum, we affirm Lee's convictions.

Lee first argues that the jury verdicts in his case violate due process due to their inherent inconsistency. This argument fails.

In *Dunn v. United States*, 284 U.S. 390 (1932), the Supreme Court established that the return of inconsistent jury verdicts is not a basis upon which a criminal defendant may challenge his conviction. There the jury had acquitted the defendant of unlawful possession and sale of alcohol, but had nevertheless convicted him of maintaining a common nuisance by keeping alcohol for sale. *Id.* at 391–92. The Supreme Court affirmed the conviction, stating that "[c]onsistency in the verdict is not necessary." *Id.* at 393. The Court explained that "[t]he most that can be said in such cases is that the verdict shows that either in the acquittal or

2

the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." *Id*. (quoting *Steckler v. United States*, 7 F.2d 59, 60 (2d Cir. 1925)).

The Supreme Court reaffirmed the rule from *Dunn* in *United States v. Powell*, 469 U.S. 57 (1984). That case concerned a defendant convicted of using a communication facility to commit or facilitate a felony, but who was acquitted of the underlying felony charges. *Id*. at 60. The Supreme Court explained that "[i]t [was] equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." *Id*. at 65. Any concern that the jury may have reached an irrational or unsupported verdict is obviated by the protection of sufficiency-of-the-evidence review. *Id*. at 67. Accordingly, inconsistent verdicts do not warrant relief on appeal. *Id*. at 67–68; *see also Bravo-Fernandez v. United States*, 137 S. Ct. 352, 357 (2016) (reaffirming the rule from *Powell*).

Lee cites to this court's decision in *Masoner v. Thurman*, 996 F.2d 1003 (9th Cir. 1993), for the proposition that a due process challenge to inconsistent verdicts may stand where "the challenged verdicts are necessarily logically inconsistent." *See id*. at 1005. Lee's reliance on *Masoner* is misplaced. That case discussed the hypothetical scenario in which a defendant had been "convicted of mutually

3

exclusive offenses, such that the defendant could have been guilty of one or the other, but not both." *Id*. In contrast to the hypothetical case discussed in *Masoner*, Lee was not convicted of mutually exclusive offenses. Rather, as in *Dunn* and *Powell*, Lee argues that his convictions on certain charges are inconsistent with his *acquittal* on a separate charge. Thus his case falls squarely within the well-established line of cases holding that inconsistent verdicts will not support a due process challenge.[1]

Lee's second argument, that insufficient evidence supported his convictions, is similarly unavailing.

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id*. at 364. The Court subsequently addressed, in *Jackson v. Virginia*, 443 U.S. 307 (1979), the degree of evidence required to sustain a guilty verdict when a defendant challenges his conviction as a violation of due process under *Winship*. *Id*. at 316–17. The Court explained that "[a] 'reasonable doubt,' at a minimum, is one based upon 'reason.' Yet a properly instructed jury may

---

[1] The government additionally argues that the jury's verdicts are not inherently inconsistent. We do not reach this point, however, as well-established precedent holds that any potential inconsistency between Lee's convictions and his acquittal do not support a due process challenge.

occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt." *Id*. at 317. Thus, "[a]fter *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id*. at 318.

Here, while the victim in this case lacked visible injuries, the jury heard testimony from her treating nurse stating that of the approximately 300 sexual assault examinations she had performed, only one patient had sustained serious injuries. The jury also heard witness testimony from the victim, corroborated by an audio recording of her 911 call, and evidence that her DNA was collected from Lee's penis. The jury heard from the investigating agent, who testified to Lee's inconsistent account of events. Finally, the jury heard from Lee himself, who stated in court that he "may have been" forceful with the victim on the night in question. Viewed in its entirety and in the light most favorable to the prosecution, the record contained ample evidence to support Lee's convictions on Counts II and III. *See* 18 U.S.C. §§ 113(a)(1), 1153(a) (setting forth the elements of assault with intent to commit aggravated sexual abuse); *id*. § 2241(a) (aggravated sexual abuse); *id*. §§ 113(a)(2), 1153(a) (assault with intent to commit abusive sexual contact); *id*. § 2246(3) (sexual contact).

AFFIRMED.