G., C. & S. F. R'Y CO. v. G. KLUGE.[1]

(No.

APPEAL from Austin County.   Opinion by HURT, J.

CHESLEY & HAGGARTY, counsel for appellant.

BELL & SHELBURNE, counsel for appellee.

§ 325. *Action for damages for destruction of grass, etc.; case stated.*   This case originated in justice's court of Austin county, and is for $175 damages, alleged to have been occasioned appellee, Kluge, by destruction of grass, burning of fences and injury to land.   Kluge recovered a judgment in justice's court for $111.   The company appealed to the county court, where the case was again tried, resulting in a judgment for plaintiff for $52.50.

§ 326. *Measure of damages for grass destroyed.*   First error:   That the court erred in admitting testimony over objection as to the value of the grass destroyed by fire, because the measure of damages in such a case is the difference in the value of the land before and after the fire.   This court has held this objection well taken, but our supreme court holds otherwise.

§ 327. *Charge of court held not to be on weight of evidence.*   The fifth assignment is to the effect that the following charge was error:   The court charged the jury that if they believed from the evidence that the plaintiff had sustained damages, and that the same was caused by the negligence of the defendant in permitting dry and combustible grass or other matter to remain along the line of its road, then the plaintiff would be entitled to recover.   This charge does not assume any fact, nor does it assume, as a matter of law, that the permitting

[1] This case and the two following heretofore have been overlooked by the editor of this series of reports.   They are added now, that the series may cover all the decisions of any value of the Court of Appeals in civil cases.

of combustible matter to remain along its line by defendant is negligence. In fact we find, under the facts of this case, no objection to this part of the charge.

§ **328.** *Costs; rules governing the awarding of an appeal to county court.* Seventh assignment: It appears that the court adjudged one-half of the costs of the county court against defendant (appellant). The amount recovered by appellee in justice's court was $111. The company appealed to the county court, and there appellee recovered only $52.50. The reason assigned by the county judge for dividing the costs in the county court are that there was judgment in justice's court for $111; that defendant failed to make any defense to the action in that court, failed to have process issue for witnesses, failed to introduce any evidence to reduce plaintiff's claim, and, though present by counsel, failed to introduce any witnesses in defense of the action. If judgment be against a party in the justice's court, and he appeals to the county court, and there reduces the amount of the judgment recovered below, he shall recover the cost of the county court. [Art. 1432, R. S.] But the court may, for good cause stated in the record, adjudge the cost otherwise than is provided in articles 1432–1434, Revised Statutes. The question is, is the cause stated in the record a good one ? Now, while this matter is left to the discretion of the court, still it is not an arbitrary discretion, but should be exercised and be governed by rules of equity and justice. Appellee recovered in the justice's court $111. In the county court this amount was reduced to $52.50 — less than half. Certainly the failure of the appellant to defend the suit in justice's court by introducing witnesses, etc., did not justify such an excessive judgment as that recovered in the lower court; and, when viewed in the light of the facts in the case, we cannot understand upon what principles of justice such an amount could have been awarded appellee. Appellant may have been willing to submit to a reason-

able amount and willing to abide the testimony of the appellee in the trial before the justice, but altogether unwilling to submit to such an amount as that recovered, and hence he appealed. We think, therefore, that the judgment of the county court, dividing the costs of said court, is wrong, and that part of the judgment is reversed; and it is the judgment of this court that the judgment of the county court be affirmed, and that appellant recover of appellee all costs of the county court and of this appeal.

January 29, 1886.

Affirmed in part and reversed in part.