## UNITED STATES v. UNION SUPPLY COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. 120.   Argued October 13, 14, 1909.—Decided November 8, 1909.

Where corporations are as much within the mischief aimed at by a penal statute and as capable of willful breaches of the law as individuals the statute will not, if it can be reasonably interpreted as including corporations, be interpreted as excluding them.

Where a penal statute prescribes two independent penalties, it will be construed as meaning to inflict them so far as possible, and, if one is

impossible, the guilty defendant is not to escape the other which is possible.

Section 6 of the act of May 9, 1902, c. 784, 32 Stat. 193, imposing certain duties on wholesale dealers in oleomargarine and imposing penalties of fine and imprisonment for violations applies to corporations, notwithstanding the penalty of imprisonment cannot be inflicted on a corporation.

THE facts are stated in the opinion.

*The Solicitor General* for plaintiff in error.

The duty to make the returns in question was undoubtedly imposed upon corporations as well as upon natural persons. 1. Section 6 of the act of 1902 is a reënactment of § 41 of the act "to reduce revenue and equalize duties on imports, etc.," approved October 1, 1890, 26 Stat. 567, which latter act undoubtedly applied to both natural persons and corporations but was defective in not providing any penalty for its violation. 2. To construe § 6 as not imposing a duty on corporate dealers would be inconsistent with the general purposes of the oleomargarine legislation. 3. Section 6 imposes the duty on wholesale dealers, without distinction between different classes of dealers and in this the section is consistent with the other provisions of the act, which all relate to oleomargarine, or dealers in or manufacturers of it and not to particular persons or classes.

Corporations being under the duty to make said returns, they are subject to the criminal punishment which § 6 visits upon violators of that duty, so far as their nature makes possible. 1. The purpose of the statute will be largely defeated unless punishment can be imposed. 2. There is no difficulty in construing the word "person" in the final clause as including a corporation. *United States v. Amedy*, 11 Wheat. 392, 412; 1 Clark & M., Priv. Corp., § 252; *State v. Security Bank of Clark*, 2 So. Dak. 538; *State v. B. & O. R. R. Co.*, 15 W. Va. 362; *United States v. B. & O. R. R. Co.*, Fed. Cas. No. 14,509; *United States v. John Kelso Co.*, 86 Fed. Rep.

304; *Beaston* v. *Farmers' Bank*, 12 Pet. 102, 135; *Bank of Augusta* v. *Earle*, 13 Pet. 519, 588; Rev. Stat., § 1.  3. The statute should therefore be construed as imposing only a fine in the case of corporate violators.  Lewis, Suth. on Constr. Stat., 2d ed., § 372; *Commonwealth* v. *Pulaski County Co. & M. Assn.*, 92 Kentucky, 197; 1 Clark & M., Priv. Corp., § 251, p. 657.  4. Where it is *impossible* to impose both sorts of punishment the imposition of only one would not be an exercise of *discretion* by the court; hence the cases of *Ex parte Karstindick*, 93 U. S. 396; *In re Mills*, 135 U. S. 266; *United States* v. *Pridgeon*, 153 U. S. 48; *In re Johnson*, 46 Fed. Rep. 477; *Harman* v. *United States*, 50 Fed. Rep. 521; *In re Christian*, 82 Fed. Rep. 199; *Woodruff* v. *United States*, 58 Fed. Rep. 766, and *Whitwarth* v. *United States*, 114 Fed. Rep. 502, are not in point.  5. The mention of natural persons in § 5 of the act has no effect upon the construction of § 6.

If the construction placed on § 6 by the trial court be correct, then corporations may violate some fifty or sixty other important criminal statutes similarly worded.

A construction which would limit the application of § 6 to natural persons would render it unconstitutional or would at least make its constitutionality seriously questionable. *Hurtado* v. *California*, 110 U. S. 516, 535; *Caldwell* v. *Texas*, 137 U. S. 692, 697; *Giozza* v. *Tiernan*, 148 U. S. 657, 662; *Downes* v. *Bidwell*, 183 U. S. 244, 291; *Dorr* v. *United States*, 195 U. S. 138, 147, and therefore such a construction is to be avoided.  *United States* v. *Delaware & Hudson Co.*, 213 U. S. 366, 407.

*Mr. Isaac R. Hitt, Jr.*, for defendant in error.

The act of May 9, 1902, c. 784, 32 Stat. 193, is an original act which also amends the act of August 2, 1886, and is not to be construed as a supplemental act, as the plaintiff in error endeavors to show.

Section 5 of that act applies, in express terms, to corporations, and gives the court discretionary power to punish either

by fine or imprisonment or both. Since a corporation cannot·
be imprisoned, the court, under § 6, cannot disregard so much
of that section·as prescribes punishment by imprisonment and
punish only by fine. *United States* v. *Braun,* 158 Fed. Rep.
450. ·

See the decision of Judge Caldwell holding, in a case in
which the statute prescribed a penalty of fine and·imprison-
ment, that a sentence of imprisonment only was erroneous.
*Woodruff* v. *United States,* 58 Fed. Rep. 766.

If the penalty prescribed for the· act be both fine and im-
prisonment, then, so far as the punishment cannot, from the
nature of the offender, be carried out, the statute is, of course,
inoperative. *Commonwealth* v. *Association,* 92 Kentucky, 197.
See also Clark's Criminal Law, 2d ed., 79. It may be that such
. a construction discloses a serious defect in the law; but if so,
that defect must be cured by congressional and not judicial
legislation. *United States* v. *Braun,* 158 Fed. Rep. 456. Also
see *Cumberland Canal Corp.* v. *Portland,* 56 Maine, 77; *An-
droscoggin Watei · Power Co.* v. *Bethel Steam Mill Co.,* ·64
Maine, 441.

It has been held, in substance, that. oleomargarine acts are
complete in themselves and contain provisions for all the
punishment that Congress intended for ·violations thereof.
*United States* v. *Lamson,* 165 Fed. Rep. 80; *Grier* v. *Tucker,*
150 Fed. Rep. 658; *Schafer* v. *Craft,* 144 Fed. Rep. 907; *Craft*
v. *Shafer,* 153 Fed. Rep. 175; *S. C.,* 154 Fed. Rep. 1002.

The contention of the Government that a decision adverse to
the Government will affect many other now existing laws
seems unworthy of the high ideal which this court has ever
endeavored to fill. The decisions of this court are always far-
reaching and the enactments of Congress are not necessarily
settled law until passed upon by this tribunal.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an indictment. of a corporation for wilfully violating·

the sixth section of the act of Congress of May 9, 1902, c. 784, § 6, 32 Stat. 193, 197. That section requires "wholesale dealers" in oleomargarine, etc., to keep certain books and to make certain returns. It then goes on as follows. "And any person who wilfully violates any of the provisions of this section shall, for each such offense, be fined not less than fifty dollars and not exceeding five hundred dollars, and imprisoned not less than thirty days nor more than six months." The corporation moved to quash the indictment and the District Court quashed it on the ground that the section is not applicable to corporations. Thereupon the United States brought this writ of error.

The argument for the defendant in error is drawn from an earlier decision by the same court. It is that § 5 applies in express terms to corporations, and gives the court discretionary power to punish by either fine or imprisonment, or both, whereas in § 6 both punishments are imposed in all cases and corporations are not mentioned; that it is impossible to imprison a corporation, and that the statute warrants no sentence that does not comply with its terms. *United States* v. *Braun & Fitts*, 158 Fed. Rep. 456. We are of opinion that this reasoning is unsound. In the first place, taking up the argument, drawn from § 5, that corporations were omitted intentionally from the requirements of § 6, it is to be noticed that the sixth section of the present act copies its requirements from the act of October 1, 1890, c. 1244, § 41, 26 Stat. 567, 621, which did not contain the penal clause. In its earlier form the enactment clearly applied to corporations, and when the same words were repeated in the later act it is not to be supposed that their meaning was changed. The words "wholesale dealers" are as apt to embrace corporations here as they are in § 2, requiring such dealers to pay certain taxes. We have no doubt that they were intended to embrace them. The words "any person" in the penal clause are as broad as "wholesale dealers" in the part prescribing the duties. U. S. Rev. Stat., § 1. It is impossible to believe that corporations were inten-

tionally excluded. They are as much within the mischief aimed at as private persons, and as capable of a "wilful" breach of the law. *New York Central & Hudson River R. R.* v. *United States*, 212 U. S. 481. If the defendant escapes, it does so on the single ground that as it cannot suffer both parts of the punishment it need not suffer one.

It seems to us that a reasonable interpretation of the words used does not lead to such a result. If we compare § 5, the application of one of the penalties rather than of both is made to depend not on the character of the defendant, but on the discretion of the judge; yet there corporations are mentioned in terms. See *Hawke* v. *E. Hulton & Co. Limited*, (1909) 2 K. B. 93, 98. And if we free our minds from the notion that criminal statutes must be construed by some artificial and conventional rule, the natural inference, when a statute prescribes two independent penalties, is that it means to inflict them so far as it can, and that if one of them is impossible, it does not mean on that account to let the defendant escape. See *Commonwealth* v. *Pulaski County Agricultural & Mechanical Association*, 92 Kentucky, 197, 201. In *Hawke* v. *E. Hulton & Co.* (1909), 2 K. B. 93, it was held that the words "any person" in one section of a penal act did not embrace a corporation notwithstanding a statute like our Rev. Stat., § 1. But that was not so much on the ground that imprisonment was contemplated as a punishment, as because the person convicted was to be "deemed a rogue and a vagabond." Moreover it was thought that corporations could be reached under another section of the act.

*Judgment reversed.*