**UNITED STATES v. A. STEINER, Inc., et al.**

No. 8740.

Circuit Court of Appeals, Seventh Circuit.

June 6, 1945.

Rehearing Denied June 22, 1945.

Myer H. Gladstone and Luis Kutner, both of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., Francis J. McGreal, Asst. U. S. Atty., and August H. Hoch and Joseph H. Collier, Attys., U. S. Treasury Department, all of Chicago, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges.

EVANS, Circuit Judge.

A. Steiner, Inc., an Illinois corporation, and Bertrand B. Appleby, its president, were convicted of a violation of Sec. 2857, Title 26 U.S.C.A. Int.Rev.Code. The indictment charged the defendants with wilful violation of said Sec. 2857 "in that said defendants who were then and there engaged in the trade or business of a wholesale liquor dealer, selling and offering for sale, distilled spirits in quantities of five wine gallons or more to the same person at the same time," and "then and there operating a wholesale liquor dealer business," did "refuse and neglect to keep a record in the form prescribed by the Commissioner, to-wit, Form 52-B for licensed wholesale liquor dealers for the purpose of indicating the name and address of the person or persons to whom said liquor was disposed," etc.

Both defendants challenged the sufficiency of the indictment, and the A. Steiner Company also assails the sentence because it is a corporation and the court was not authorized to impose a fine without adding an imprisonment sentence.

A. Steiner & Co., the corporation, was fined $1,000, together with costs, and the defendant Appleby was sentenced to three months' imprisonment and fined $500 and costs.

The attacks on the indictment are: (a) It failed to allege a disposition or sale by the defendants of distilled spirits, and (b) it failed to allege "the failure to keep the records at the place of business covered by the special tax stamp or at the place where the spirits were actually kept and sent out."

These attacks on the indictment were made for the first time in this court.

No demurrer or motion to quash or any other pleading was filed in the District Court. We think this attack, under the circumstances here shown, was too late. Gray v. United States, 9 Cir., 9 F.2d 337; Babb v. United States, 8 Cir., 27 F.2d 80; Williams v. United States, 8 Cir., 158 F. 30; People of the State of Illinois v. Chavez, 320 Ill.App. 358, 51 N.E.2d 73.

■ Further, if we assume for the moment that the objection to the indictment may for the first time be permissibly advanced in this court, we fail to find any merit in the criticisms.

In the first place, the indictment followed the statute. It seemed to have stated quite clearly all of the facts upon which the Government relied to establish its case. Capone v. United States, 7 Cir., 56 F.2d 927; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861. There was no need of negativing the exception found in the statute. Jelke v. United States, 7 Cir., 255 F. 264, 279.

■ Sufficiency of Proof. We are satisfied the proof overwhelmingly established the charge. There was testimony by the investigator to the effect that he visited defendants' place of business and "talked to Appleby." Appleby furnished him with the 52-A form which showed that on January 10, 1944, there were 791 cases of Jim Beam whiskey received. He then examined Form 52-B to ascertain the names of the parties to whom the liquor was sold, and they showed no disposition of such liquor. When he asked Mr. Appleby where the liquor was he said he did not have it. And when he asked if he had disposed of the liquor, Appleby refused to answer and stated he would have to consult his attorney before he would make a reply. Later Appleby came to the investigator's office in Chicago and when he was asked what he had done with the liquor, he refused to answer the question, stating he would stand on his constitutional rights.

This evidence showed possession of a large amount of liquor, it also showed the sale of this liquor. It also showed that the defendants failed to keep records as required by the statute.

As to Appleby, the judgment must be affirmed.

■ The corporation, A. Steiner, Inc., asserts an additional basis of attack on the judgment, namely, that the statute requires the imposition of a fine of not less than $1,000 and imprisonment of not less than three months nor more than three years. A. Steiner, Inc., argues that it, being a corporation, could not be imprisoned; that the judge could not impose a sentence which did not include imprisonment. Therefore, not being able to impose a prison sentence on a corporation and the statute having required both imprisonment and fine, the court was without authority to impose a fine only.

There is no merit in the contention. United States v. Union Supply Co., 215 U.S. 50, 30 S.Ct. 15, 54 L.Ed. 87; Flynn v. United States, 7 Cir., 50 F.2d 1021; Matchok v. United States, 3 Cir., 60 F.2d 266. A contrary view of the punishment provision of a criminal statute would be absurd and violate the plain intention of Congress to punish violators of the Act, regardless of whether they are natural or artificial persons.

The sentences are affirmed.