

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 19, 1961

Honorable Frank Briscoe
District Attorney
Harris County
Houston, Texas

Dear Sir:

Opinion No. WW-1077

Re: Whether an agent or employee of
a corporation can be held liable
for violation of Article 286,
Vernon's Penal Code, commonly
referred to as the Sunday Closing
Law.

We have your letter of April 13, 1961, in which you request
the opinion of this Department on the above subject. The question you
have presented is stated as follows:

"Can the agent or employee of a corporation be
liable for violation of Article 286, V.A.P.C.,
commonly referred to as the Sunday Closing Law?"

Article 286, Vernon's Penal Code, as now codified, has its
origin in Acts 1871 and was amended in 1883 and again in 1887. We
find no amendments to the article since 1887. The act reads as follows:

"Any merchant, grocer, or dealer in wares or merchan-
dise, or trader in any business whatsoever, or the pro-
prietor of any place of public amusement, or the agent
or employe [sic] of any such person, who shall sell,
barter, or permit his place of business or place of
public amusement to be open for the purpose of traffic
or public amusement on Sunday, shall be fined not less
than twenty nor more than fifty dollars. The term
place of public amusement, shall be construed to mean
circuses, theaters, variety theaters and such other
amusements as are exhibited and for which an admission
fee is charged; and shall also include dances at dis-
orderly houses, low dives and places of like character,
with or without fees for admission."

The Sunday laws are constitutional. Clark v. State, 319 S.W.2d
726 (Tex.Crim. 1959). Accord, McGowan v. Maryland (U.S. Sup. Opinions
delivered May 29, 1961, not yet reported).

This Article as to sales by merchants is constitutional. Ex
parte Sundstrom, 8 S.W. 207 (Tex.App. 1888) and is not class legislation.

Searcy v. State, 50 S.W. 699 (Tex.Crim. 1899). Also the act is not un-constitutional as granting special privileges. Sayeg v. State, 25 S.W.2d 865 (Tex.Crim. 1930).

Prohibiting the house to be "open", as used in the statute, means that the house should be closed against all traffic. Whitcomb v. State, 17 S.W. 258 (Tex.App. 1891).

"Traffic" as used herein is defined clearly in the case of Levine v. State, 34 S.W. 969 (Tex.Crim. 1896). The court held, in a prosecution for keeping open a liquor saloon for traffic on Sunday, that the lower court correctly charged that, if the jury believed defendant kept his saloon open for the purpose of "traffic" on Sunday he should be con-victed, and that the term traffic as employed has its usual and commonly accepted meaning and that no further definition of the word "traffic" was necessary.

Your question would be resolved if the words "agent or employee of any such person", as they appear in Article 286, V.P.C., should be construed to include "agent or employee" of a corporation. The con-tention made by others, as stated in your letter, is that the agent or employee of a corporation is not the agent or employee of a "person".

In the construction of a statute, the legislative intent must govern. Article 23, C.C.P., provides as follows:

"The provisions of this Code shall be liberally construed, so as to attain the objects intended by the legislature: The prevention, suppression and punishment of crime."

Article 7, V.P.C., supplies the general rules of construction as follows:

"This Code and every other law upon the subject of crime which may be enacted shall be construed accord-ing to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects; and no person shall be punished for an offense which is not made penal by the plain import of the words of a law."

One of the rules establishes the following:

"It is presumed that the Legislature intended that its enactments should conform to the requirements of the Constitution, and that, with all their provisions, they should have effect and be enforced. The legis-

lative intention is presumed to be according to what is consonant with sound reason and 'good discretion'. Thus, it is not presumed that the Legislature intended to do or require an absurd, foolish, impossible, unfair, unjust, unreasonable or useless thing." 39 Tex.Jur. 245, Statutes, Sec. 131.

The case of Gould v. State, 134 S.W. 695 (Tex.Crim. 1911), was one in which the "agent or employee" of a corporation was charged on an information for violation of the Sunday law. The cause was reversed and remanded because of failure of the State to prove, by proper means, that the amusement company was the owner. The court, among other things, stated that an information alleging that accused, as agent and employee of the proprietor of a theater, permitted a theatrical performance to be given on Sunday, to which a fee was charged for admission, charges an offense. In its conclusion the opinion says:

"The court did not err in overruling the motion to quash the information and complaint, as it charged an offense under the law, and the court did not err in admitting the testimony of the witnesses Laws and Cullum in testifying to what was taking place in the building on the occasion; but, on account of the error hereinbefore pointed out, the cause will be reversed and remanded." (Emphasis added.)

It is submitted that the Court of Criminal Appeals has decided the question of the amenability of an agent and employee of a corporation to the operation of Article 286, V.P.C., by its plain use of the word corporation.

Oliver v. State, 144 S.W. 604 (Tex.Crim. 1911), is a case in point where the agent and employee of a corporation was charged on a complaint and information for unlawfully opening a theater contrary to the "Sunday Closing Law." Although Oliver was the agent and employee of a corporation, the court affirmed the conviction. The opinion discusses at length statutory construction and intent of the Legislature. We will quote only a portion thereof. The court, after discussing the rules of construction of a penal statute stated at page 611:

"Of course, all these rules, wherever used in the interpretation of statutes, are used and applied solely for the purpose of determining what was the intention of the Legislature in the use of the words and the language as used by it in the enactment; for, as was aptly said by our Supreme Court, through Chief Justice Gaines, in Edwards v. Morton, 92 Tex. 153, 46 S.W. 792, and reiterated by this court in Parshall v. State, 138 S.W. 759, and other cases: 'The intention of the Legislature in enacting a law is the law itself.'"

In quoting from Sections 349, 350 of Sutherland on Statutory Construction the court, in the <u>Oliver</u> case, said:

"'. . .<u>It is said that, notwithstanding this rule, the intention of the lawmaker must govern in the construction of penal as well as other statutes. This is true. But this is not a new independent rule which subverts the old. It is the modification of the ancient maxim, and amounts to this: That, though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the Legislature. . .'"</u> (Emphasis added.)

Further quoting from Sutherland at Section 415 the court repeated:

"'. . .<u>The modern doctrine is that to construe a statute liberally, or according to its equity, is nothing more than to give effect to it according to the intention of the lawmaker, as indicated by its terms and purposes. This construction may be carried beyond the natural import of the words when essential to answer the evident purpose of the act; so it may restrain the general words to exclude a case not within that purpose.</u>

". . .<u>Liberal construction of any statute consists in giving the words a meaning which renders it more effectual to accomplish the purpose or fulfill the intent which it plainly discloses. For this purpose, the words may be taken in their fullest and most comprehensive sense. Where the intent of the act is manifest, particular words may have an effect quite beyond their natural signification in aid of that intent.'"</u> (Emphasis added.)

There are many other rules for the interpretation of statutes to aid in ascertaining the true intention of the Legislature. In the <u>Oliver</u> case, supra, it is said:

"This court, through Judge Davidson, in Yakel v. State, 30 Tex.App. 394, 17 S.W. 944, 20 S.W. 205 said: 'Statutes should be so construed so as to prevent mischievous consequences. Such construction finds itself supported in the good order of society, protection of the weak against the strong, and should be favored, and more especially if such a construction be in opposition to one that would tend to bring about evil results, People v. Garrett, [68 Mich. 487] 36 N.W. 234; Hoemes v. State, 88 Ind. 145; Am. & Eng. Encyc. of law, p. 702, note 2. The purpose and object of the Legislature in enacting the statute being known, it is the duty of the court to so construe it as to conform to that intent and carry out such purpose.'"

In construing the original Article 186 (now 286) of the Penal Code of 1879 the court in Albrecht v. State, 8 Tex.App. 314, (1880) in an opinion by Justice Clark, said:

"The obvious intention of the Legislature, as manifested in Article 186 (now 199) of the Penal Code, was to prevent altogether the barter and sale of merchandise on Sunday, and to prohibit all merchants, grocers, dealers in wares or merchandise, or traders in any lawful business whatever, from desecrating the Sabbath, and distracting with their avocations the peace and quiet of other portions of the community who might desire, from religious or other consideration to devote the day to worship of God, and to entire rest from their daily employments.  This purpose, so manifest, cannot be disregarded in the search for a proper rule for construction, but must be given effect to, unless qualified or restricted by some potent provision of law rendering a contrary construction imperative." (Emphasis added.)

Further, in the Oliver case, supra, (144 S.W. at page 616) the following is present:

"Under these various enactments of the Sunday law, and how they were added to from time to time, retaining at all times after the first insertion the words 'or the agent or employe [sic] of any such person', it is clear to us that we reached and announced the correct interpretation of the present statute in the original opinion herein.  We cannot agree to appellant's contention that the agent or employe is not amenable under this statute, unless such agent and employe has the power and authority from the proprietor of the theater to open or close it. The very use of the words 'agent' or 'employe' and especially of the word 'employe', taken in connection with out statute on the subject of principals, indicates clearly and without doubt to us that the Legislature intended that whoever permitted the theater to be open, when an entrance fee was charged, or aided or did any act in aid thereof, was amenable to this law...." (Emphasis added.)

It is to be pointed out that the prohibition in the article is imposed upon those individuals actually engaged in or responsible for the violations and not the corporate entity as such.

The Court of Criminal Appeals in the case of Brockman v. State, 28 S.W.2d 820 (Tex.Crim. 1930), reversed the decision of the trial court

because the complaint and pleadings did not sufficiently identify for whom the accused was agent or employee and stated, in part, as follows:

> "The Legislature having written in this statute that persons who are agents and employees, and attempted to be penalized as such for keeping a place of public amusement open on Sunday, must be characterized in the state's pleading as the agents and employees of some private person, or else agents and employees of some firm, corporation, or company . . .
>
> "Appellants may be guilty, and may be guilty as agents and employees, but the indictment should state the person, firm, or company by whom they were employed, in order to measure up to the requirement of Article 286, supra." (Emphasis added.)

One of the most interesting cases in point is that of U.S. v. Union Supply Co., 215 U.S. 50 (1909), wherein the court stated:

> "The words 'wholesale dealers' are so apt to embrace corporations here as they are in section 2, requiring such dealers to pay certain taxes. We have no doubt that they were intended to embrace them. The words 'any person' in the penal clause are as broad as 'wholesale dealers' in the part prescribing the duties. U. S. Rev. Stat. Sec. 1. It is impossible to believe that corporations were intentionally excluded. They are as much within the mischief aimed at as private persons, and as capable of a wilful breach of the law." (Emphasis added.)

Uniformly it is held that a statute of a general nature of the character of the one under consideration includes corporations.

> "Under a statutory provision, a corporation is a 'person' within the meaning of that term as used in the constitutional and statutory provisions. More particularly, a corporation has been held to be included in the word 'person' as used in the statutes relating to the venue of actions, limitations and death by wrongful act." 10B Tex.Jur. 64.
>
> "Persons are divided by the law into persons natural and persons artificial. The term 'person' prima facie at common law and apart from any statutory enactment limiting its meaning, includes both natural and artificial persons, and therefore as a general rule includes corporations." 13 Am. Jur. 164. State v. Natelson Bros., 32 A.2d 581 (C.C.A. 1943).

"Corporations are to be deemed and considered as
persons when the circumstances in which they are
placed are identical with those of natural persons
expressly included in statute . . . and the word
'person' in a statute, though penal, which is in-
tended to inhibit an act means 'persons in law'
. . . and therefore includes corporations if they
are within the spirit and purpose of the statute."
13 Am.Jur. 166. (Emphasis added.)

"Word 'person' in Oklahoma statute authorizing
person paying usurious interest to recover twice
amount paid, includes corporations." General Motors
Acceptance Corp., v. Mid-West Chevrolet Co., 66 Fed.2d
1, 8.

From the opinion in the case of Central Amusement Co. v. Dis-
trict of Columbia, 121 A.2d 865, (Ct. of App. 1956), we find that the
statutory use of the word "person" to include corporations is so general
that to hold corporations are not included requires clear proof of legis-
lative intent to exclude them. 13 Am.Jur. 166, Corporations, Sec. 11;
18 C.J.S., p. 386-387, Corporations, Sec. 8.

We must look to the classification created, which would result
should the "agents and employees" of natural persons be subject to the
penalties of Article 286, and the "agents and employees" of corporations
be exempt therefrom. The singling out of certain businesses as exemptions
where the facts remain that there is no rational difference which neces-
sarily distinguishes the two operations, would constitute an unreasonable
and arbitrary classification discriminating against some by granting
immunities to one of the classes to the exclusion of others. If such be
the construction placed upon the article, it would clearly be uncon-
stitutional.

The Legislature intended that the act would conform to the Con-
stitution and we believe that it does. Therefore, it is our opinion that
the word "person" includes corporations and the "agents and employees"
of a corporation are subject to the penalties provided in Article 286,
V.P.C.

We concur with your conclusion as stated in your able support-
ing brief.

SUMMARY

The penalties provided in Article 286, V.P.C.,
apply alike to "agent and employee" of a corpo-
ration or other artificial person as it does to
the "agent or employee" of a natural person.

Yours very truly,

WILL WILSON
Attorney General of Texas

By ~~Harris Toler~~
Harris Toler
Assistant Attorney General

HT/br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jerry Roberts
Iola Wilcox
William E. Allen
Lawrence Hargrove

REVIEWED FOR THE ATTORNEY GENERAL

BY: Morgan Nesbitt