[Crim. Nos. 21208, 21580. Second Dist., Div. Five. Feb. 2, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
CHARTER THRIFT & LOAN, Defendant and Respondent.

(Two Cases.)

**COUNSEL**

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

John E. Meyers for Defendant and Respondent.

**OPINION**

KAUS, P. J.—The People appeal from a dismissal of an indictment which followed the sustaining of the defendant's demurrer.

The parties agree that there is only one issue before us: whether an indictment charging a corporation with grand theft states a crime. We hold that it does.

Defendant's argument, which was apparently accepted by the superior court, runs as follows: no act, however severely denounced by the Legislature, is criminal unless a statute prescribes a punishment therefor. (*Matter of Ellsworth,* 165 Cal. 677, at p. 681 [133 P. 272].) The punishment for grand theft is imprisonment in the county jail or in the state prison. (Pen. Code, § 489.) Such punishment is obviously inapplicable where the defendant is a corporation. Nor is the People's dilemma solved by section 672 of the Penal Code which reads: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding five hundred dollars ($500) in cases of misdemeanors or five thousand dollars ($5,000) in cases of felonies, in addition to the imprisonment described." That section permits fines only "in addition" to imprisonment, not in lieu thereof. If a fine can only be levied "in addition" to imprisonment and the defendant is incapable of being imprisoned, the fine cannot be levied.

The People claim that all their problems were resolved by *W. T. Grant*

*Co.* v. *Superior Court,* 23 Cal.App.3d 284 [100 Cal.Rptr. 179]. That is wishful thinking. In *Grant* the majority merely held that on the facts disclosed by the record, there was probable cause on the merits of the grand theft charge. The punishment issue raised in this case was not discussed. It was just briefly mentioned in Presiding Justice Roth's dissent, which, in the main, also addressed itself to the merits.

Whatever *Grant* may hold, intimate or not decide, it is our opinion that the demurrer to the indictment was improperly sustained. For defendant to be correct, it must successfully get over two hurdles: (1) that where the punishment prescribed by a statute allows the levying of a fine only in addition to imprisonment, but not as the sole penalty, a corporation cannot be fined; and (2) that section 672 cannot be interpreted to provide for the levying of a fine, unless the fine is coupled with imprisonment.[1]

We do not reach the second hurdle. Although there appear to be authorities both ways (see Annot. 33 A.L.R. 1211) we are persuaded by the holding of the Supreme Court of the United States in *United States* v. *Union Supply Co.,* 215 U.S. 50 [54 L.Ed. 87, 30 S.Ct. 15], to the effect that where a statute prescribes imprisonment as well as a fine, the statute is not wholly ineffective against a corporation, but that so much of the punishment as may be enforced against it, remains viable.[2] Said the Supreme Court, speaking through Mr. Justice Holmes: ". . . And if we free our minds from the notion that criminal statutes must be construed by some artificial and conventional rule, the natural inference, when a statute prescribes two independent penalties, is that it means to inflict them so far as it can, and that if one of them is impossible, it does not mean on that account to let the defendant escape. . . ." (*Id.* p. 55 [54 L.Ed. at p. 88].) Section 4 of our Penal Code does, of course, abolish the common law rule against the strict construction of the penal statutes. It further provides that the provisions of the code "are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

---

[1]We have found no case interpreting section 672 one way or another. In all the decisions which our research has disclosed a fine was imposed as a condition of probation. Such a punishment does not, of course, negative the possibility of later imprisonment. (See, e.g., *People* v. *Christensen,* 2 Cal.App.3d 546, at p. 549 [83 Cal.Rptr. 17]; *People* v. *Ormes,* 88 Cal.App.2d 353, at p. 354 [198 P.2d 690].)

[2]The provisions for punishment in the statute under consideration read as follows: ". . . 'And any person who wilfully violates any of the provisions of this section shall, for each such offense, be fined not less than fifty dollars and not exceeding five hundred dollars, and imprisoned not less than thirty days nor more than six months.' . . ." (*United States* v. *Union Supply Co., supra,* at p. 54 [54 L.Ed. 87 at p. 88].)

■ We therefore hold that section 672 of the Penal Code permits a corporation, convicted of grand theft, to be fined in an amount "not exceeding . . . five thousand dollars . . .," whether or not, were the defendant an individual, an actual or potential term of imprisonment would be a prerequisite for the imposition of a fine.

The judgment is reversed.

Stephens, J., and Cole, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 29, 1973.

---

*Assigned by the Chairman of the Judicial Council.